UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

JOSE REYES CABRERA, on behalf of himself and all others  :
similarly situated,                                    :   **Case No.: 17 Civ. 5627**
                                         :
                       Plaintiff,      :
       - against -                      :   **<u>COMPLAINT</u>**
                                         :

RKP SERVICE, INC. d/b/a RAINBOW CAR WASH, RITA  :
DEGIRMENCI, and KEVIN DEGIRMENCI,          :
                                         :
                     Defendants.     :

---------------------------------------------------------------------- X

     Plaintiff Jose Reyes Cabrera, on behalf of himself and all other similarly situated, ("Plaintiff")

by and through his attorneys, Shulman Kessler LLP, complaining of the Defendants RKP Service, Inc.

d/b/a Rainbow Car Wash, Rita Degirmenci, and Kevin Degirmenci (collectively "Defendants"),

alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

     1.     This lawsuit seeks to recover minimum wages, unpaid overtime compensation,

misappropriated tips, spread of hours pay, and other wages for Plaintiff and his similarly situated co-

workers who have worked for Defendants as car wash laborers.

     2.     Plaintiff brings this action seeking monetary damages and affirmative relief based upon

Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §

201, *et seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes

and ordinances.

     3.     Defendants operate a car wash within the State of New York. Plaintiff Jose Reyes

Cabrera was employed by Defendants as a car wash laborer who regularly worked over 40 hours per

week, but was not compensated properly for the overtime hours worked.

4.      Defendants failed to track their car wash laborers' hours worked.

5.      At all times relevant, Defendants applied a tip-credit to Plaintiff's wages, and paid Plaintiff a reduced minimum wage rate.

6.      Defendants, however, did not satisfy the strict notice requirements under the FLSA and the NYLL that would allow it to pay a reduced minimum wage (i.e. - take a "tip credit") to Plaintiff.

7.      Accordingly, Defendants maintain a policy and practice whereby they fail to pay Plaintiff the proper minimum wage rate under the FLSA and NYLL.

8.      Defendants maintain a policy and practice whereby they retain a portion of Plaintiff's and similarly situated car was laborers' tips from customers.

9.      Defendants are not entitled to tips under the FLSA and NYLL.

10.     Accordingly, Plaintiff is entitled to the full minimum wages for all hours worked and overtime wages calculated at time and a half of the full minimum wage for all hours worked due to Defendants' misappropriation of Plaintiff's tips.

11.     Defendants failed to pay Plaintiff a spread of hours pay for all days where he worked more than 10 hours per day in violation of NYLL.

12.     Plaintiff brings this action on behalf of himself and all similarly situated current and former car wash laborers of Defendants pursuant to the FLSA.

13.     Plaintiff also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendants as a car wash laborer.

## JURISDICTION & VENUE

14.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

15.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

16.     At all times herein mentioned, Defendant RKP Service, Inc. is a domestic corporation doing business in the State of New York.

17.     Defendants do business in the State of New York, within the Eastern District of New York, maintaining a principle place of business at 225 West Old Country Road, Hicksville, New York 11801.

18.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Jose Reyes Cabrera*

19.     Plaintiff Cabrera is a resident of the County of Suffolk, State of New York.

20.     At all times relevant to the Complaint, Plaintiff Cabrera was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab.  Law § 190(2).

21.     At all times relevant, Plaintiff Cabrera was employed by Defendants as a car wash laborer.

22.     Plaintiff Cabrera expressed his consent to make these claims against Defendant RKP Service, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

***Defendant RKP Service, Inc.***

23.     Upon information and belief, Defendant RKP Service, Inc. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

24.     Upon information and belief, Defendant RKP Service, Inc.'s principal place of business was and still is located at 225 West Old Country Road, Hicksville, New York 11801.

25.     Upon information and belief, and at all times hereinafter mentioned, Defendant RKP Service, Inc. was and still is engaged in the car wash business.

26.     Upon information and belief, Defendant RKP Service, Inc. was and still is doing business as Rainbow Car Wash.

27.     At all times hereinafter mentioned, Defendant RKP Service, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

28.     At all times hereinafter mentioned, the activities of Defendant RKP Service, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

29.     At all times hereinafter mentioned, Defendant RKP Service, Inc. employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29

U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

30.     At all times hereinafter mentioned, Defendant RKP Service, Inc.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Rita Degirmenci***

31.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci owns and/or operates Defendant RKP Service, Inc.

32.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is the President of Defendant RKP Service, Inc.

33.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is the Vice-President of Defendant RKP Service, Inc.

34.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is a shareholder of Defendant RKP Service, Inc.

35.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is a corporate officer of Defendant RKP Service, Inc.

36.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is the Chief Executive Officer of Defendant RKP Service, Inc.

37.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci is an agent of Defendant RKP Service, Inc.

38.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci has the authority over personnel decisions for Defendant RKP Service, Inc.

39.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci has the authority over payroll decisions for Defendant RKP Service, Inc.

40.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci supervises employees of the Defendant RKP Service, Inc.

41.     Upon information and belief, and at all times hereinafter mentioned, Defendant Rita Degirmenci has the authority to hire and fire employees for Defendant RKP Service, Inc.

42.     Defendant Rita Degirmenci has the power to make binding decisions for Defendant RKP Service, Inc.

43.     Defendant Rita Degirmenci has the power to transfer the assets or liabilities of Defendant RKP Service, Inc.

44.     Defendant Rita Degirmenci has the power to declare bankruptcy on behalf of Defendant RKP Service, Inc.

45.     Defendant Rita Degirmenci has the power to enter into contracts on behalf of Defendant RKP Service, Inc.

46.     At all times hereinafter mentioned, Defendant Rita Degirmenci was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Kevin Degirmenci***

47.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci owns and/or operates Defendant RKP Service, Inc.

48.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is the President of Defendant RKP Service, Inc.

6

49.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is the Vice-President of Defendant RKP Service, Inc.

50.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is a shareholder of Defendant RKP Service, Inc.

51.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is a corporate officer of Defendant RKP Service, Inc.

52.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is the Chief Executive Officer of Defendant RKP Service, Inc.

53.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci is an agent of Defendant RKP Service, Inc.

54.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci has the authority over personnel decisions for Defendant RKP Service, Inc.

55.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci has the authority over payroll decisions for Defendant RKP Service, Inc.

56.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci supervises employees of the Defendant RKP Service, Inc.

57.     Upon information and belief, and at all times hereinafter mentioned, Defendant Kevin Degirmenci has the authority to hire and fire employees for Defendant RKP Service, Inc.

58.     Defendant Kevin Degirmenci has the power to make binding decisions for Defendant RKP Service, Inc.

59.     Defendant Kevin Degirmenci has the power to transfer the assets or liabilities of Defendant RKP Service, Inc.

7

60.     Defendant Kevin Degirmenci has the power to declare bankruptcy on behalf of Defendant RKP Service, Inc.

61.     Defendant Kevin Degirmenci has the power to enter into contracts on behalf of Defendant RKP Service, Inc.

62.     At all times hereinafter mentioned, Defendant Kevin Degirmenci was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Reyes brings the First and Third Causes of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant RKP Service, Inc. as a car wash laborers within the last 3 years and who elect to opt-in to this action.

64.     Upon information and belief, there are approximately more than 50 current and former car wash laborers that have worked for Defendant RKP Service, Inc. that are similarly situated to Plaintiff who were denied overtime compensation and minimum wages.

65.     Plaintiff represents other car wash laborers, and is acting on behalf of Defendant RKP Service, Inc.'s current and former car wash laborers' interests as well as his own interests in bringing this action.

66.     Defendant RKP Service, Inc. required Plaintiff and other individuals employed as car wash laborers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

67.     Defendant RKP Service, Inc. unlawfully denied Plaintiff and all individuals employed as car wash laborers the proper minimum wage for all hours worked.

8

68.     Plaintiff seeks to proceed as a collective action with regard to the First and Third

Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of

persons:

> All car wash laborers who are currently or have been employed by
> Defendant RKP Service, Inc. d/b/a Rainbow Car Wash (hereinafter
> referred to as the "FLSA Collective") at any time during the 3 years
> prior to the filing of their respective consent forms (hereinafter
> referred to as the "Collective Period").

69.     Defendant RKP Service, Inc. was aware or should have been aware that the law

required it to pay its car wash laborers, including Plaintiff and the FLSA Collective, an overtime

premium of 1 and ½ times their regular rate of pay for all work-hours Defendant RKP Service, Inc.

suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief,

Defendant RKP Service, Inc. applied the same unlawful policies and practices to all of their car wash

laborers.

70.     Defendant RKP Service, Inc. was aware or should have been aware that the law

requires it provide its car wash laborers notice of Defendant's application of a tip-credit on the car

wash laborers' minimum wage.  Plaintiff and the FLSA Collective are entitled to the full minimum

wages for all hours Defendant RKP Service, Inc. suffered or permitted them to work as a result of

Defendant's failure to provide proper notice under the FLSA of their application of a tip-credit to

their pay.  Upon information and belief, Defendant RKP Service, Inc. applied the same unlawful

policies and practices to all of its car wash laborers.

71.     The FLSA Collective is readily identifiable and locatable through the use of the

Defendant RKP Service, Inc.'s records.  The FLSA Collective should be notified of and allowed to

opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice,

the FLSA Collective, who have been unlawfully deprived of overtime pay and minimum wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Jose Reyes Cabrera*

72.     Plaintiff Cabrera was employed by Defendants from in or about November 2013 through May 2015.

73.     Plaintiff was an employee of Defendants working under their direct supervision.

74.     At all times hereinafter mentioned, Plaintiff was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

75.     During most workweeks between November 2013 and November 2014, Plaintiff worked approximately 98 hours, while employed by Defendants.

76.     During most workweeks between November 2014 and May 2015, Plaintiff worked approximately 67.5 hours, while employed by Defendants.

77.     Defendants failed to compensate Plaintiff for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate throughout the entire term of his employment with Defendants.

78.     Defendants failed to provide notice to Plaintiff that a tip credit would be applied to his minimum wage.

79.     Defendants failed to compensate Plaintiff at no less than the full minimum wage rate for all hours worked throughout his employment for Defendants.

80.     Defendants unlawfully misappropriated Plaintiff's tips each workday throughout his employment.

81.     Defendants failed to provide Plaintiff with a break during the workday

82.     During most workweeks between November 2013 and November 2014, Plaintiff worked approximately 14 hours per day, 7 days per week for Defendants.

83.     During most workweeks between November 2014 and May 2015, Plaintiff worked approximately 13.5 hours per day, 5 days per week for Defendants.

84.     Throughout Plaintiff's employment for Defendants, Defendants failed to pay Plaintiff a spread of hours pay for each workday Plaintiff worked in excess of 10 hours per day.

85.     Defendants failed to furnish Plaintiff with a wage notice in 2013 and 2014 as was required by the NYLL.

86.     Defendants failed to furnish Plaintiff with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid each workweek.

87.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

## FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

88.     Plaintiff Cabrera and incorporates by reference all allegations in all preceding paragraphs.

89.     Defendants employed Plaintiff and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff the FLSA Collective for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

90.     The complete records concerning the number of hours worked by Plaintiff the FLSA Collective as well as the compensation Plaintiff the FLSA Collective received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to them.

91.     Plaintiff expressed his consent to make these claims against Defendant RKP Service, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit "A," annexed hereto).

92.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (Brought on behalf of Plaintiff)

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.     Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of the NYLL.

95.     By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

96.     Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff.

97.     Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

98.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

99.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**FLSA – Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the FLSA Collective)**

100.    Plaintiff, on behalf of himself and the FLSA Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    At all relevant times, Plaintiff and the FLSA Collective were Defendants' employees within the meaning of 29 U.S.C. § 203(e)(1).

102.    At all relevant times, Defendants were Plaintiff and the FLSA Collective's employer within the meaning of 29 U.S.C. § 203(d).

103.    At all relevant times, Plaintiff, the FLSA Collective, and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

104.    At all relevant times, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

105.    Defendants willfully failed to pay Plaintiff and the FLSA Collective the full minimum wages for all hours worked, in violation of FLSA, 29 U.S.C. § 206(a).

106.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiff)**

107.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108.    At all times relevant to this action, the state minimum wage was $7.25 per hour on and after July 24, 2009; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014; $9.00 per hour on and after December 31, 2015; and $10.00 per hour on and after December 31, 2016, as codified by N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 142-2.1.

109.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for all hours of work performed each week, in violation of N.Y. Lab. Law § 650 *et seq.*

110.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid regular wages, liquidated damages, reasonable attorneys' fees, and costs of this action pursuant to N.Y. Lab. Law § 663(1).

**FIFTH CAUSE OF ACTION**
**NYLL – Tip Misappropriation**
**(Brought on behalf of Plaintiff)**

111.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112.    At all times relevant, Plaintiff was an employee within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

113.    At all times relevant, Defendants were an employer within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

15

114.     The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff.

115.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the tips received by Plaintiff in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

116.     Defendants unlawfully retained part of the tips earned by Plaintiff each workday in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

117.     Defendants required Plaintiff to share part of the tips received with Defendants, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

118.     Through their knowing or intentional demand for, acceptance of, and/or retention of tips received by Plaintiff, Defendants willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. §§ 142-2.5 and §§142-2.21.

119.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the value of the misappropriated tips, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### NYLL – Spread of Hours Pay
### (Brought on behalf of Plaintiff)

120.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

121.    Defendants failed to pay Plaintiff an additional hour pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten 10 hours, in violation of N.Y. Lab. Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 142-2.4(a).

122.    Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the NYLL.

123.    Defendants' failure to pay Plaintiff an additional hour pay for each day Plaintiff's spread of hours exceeded 10  hours was willful within the meaning of N.Y. Lab. Law § 663.

124.    As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violation
### (Brought on behalf of Plaintiff)

125.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

126.    Defendants failed to supply Plaintiff notice as required by N.Y. Lab. Law  § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

127.    Defendants failed to supply Plaintiff with an accurate statement of wages each workweek as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

128.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $50, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

129.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiff is entitled to damages of $50, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

130.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $100, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

131.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each work day that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, seeks for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as car was laborers, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.    Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.    Unpaid minimum wage pursuant and liquidated damages permitted by law pursuant to NYLL and the supporting Minimum Wage Order;

F.    Unpaid spread of hours pay and liquidated damages permitted by law pursuant to NYLL and the supporting Minimum Wage Order;

G.      Statutory damages for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

L.      An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq.*;

M.      Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

N.      Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d); and

O.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
      September 26, 2017

Respectfully submitted,

By:   */s/ Marijana Matura*
      Marijana Matura

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
534 Broadhollow Road, Suite 275
Melville, New York 11747

20

Telephone: (631) 499-9100

*Attorneys for Plaintiff and the
Putative FLSA Collective Class*

21