# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE REYES CABRERA, on behalf of himself
and all others similarly situated,   Case No.: 17 Civ. 5627 (SIL)

                    Plaintiff,

   -against-

RKP SERVICE, INC. d/b/a RAINBOW CAR WASH,
RITA DEGIRMENCI, and KEVIN ~~DEGIRMENCI~~ PHELPS (KP)

                    Defendants.
-----------------------------------------------------------------X

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, JOSE REYES CABRERA ("Plaintiff") has alleged that he has been the subject of unlawful employment practices by RKP SERVICE, INC. d/b/a RAINBOW CAR WASH, RITA DEGIRMENCI, and KEVIN ~~DEGIRMENCI~~ PHELPS (KP) (collectively referred to herein as "Defendants");

**WHEREAS**, Plaintiff commenced an action against Defendants on or about September 26, 2017, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 17-CV-5627 (the "Action");

**WHEREAS**, Defendants have denied Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff and Defendants (collectively referred to herein as "Parties") desire to fully and finally resolve and settle in full certain claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, certain claims and issues that were or could have been raised by Plaintiff, by way of this Settlement and Release Agreement (the "Agreement");

1

WHEREAS, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the amount of Thirty-Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Amount"), to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be "employers," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including, but not limited to, service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorneys' fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, attorneys' fees and costs, and/or statutory penalties) purportedly owed to Plaintiff under the Fair Labor Standards Act ("FLSA"); the New

York Labor Law ("NYLL") or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release.

    2.    Provided that: (1) Defendants receive: (i) this Agreement, fully executed and signed by the Plaintiff before a notary public; (ii) an IRS W-9 forms executed by Plaintiff's counsel; (iii) an IRS W-9 form executed by the Plaintiff; and (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiff's counsel; and (2) the Court approves this settlement and endorses the stipulation of Dismissal, the Settlement Amount shall be paid as follows:

    (a)    Within thirty (30) days of the date that all the aforementioned conditions are satisfied, Defendants shall make a payment in the amount of the Settlement Amount, which shall be allocated in separate checks as follows:

    i.  One check payable to "JOSE REYES CABRERA" in the gross amount of Ten Thousand Dollars ($10,000.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

    ii.  One check payable to "JOSE REYES CABRERA" in the total amount of Ten Thousand Dollars ($10,000.00), representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages;

    iii. One check payable to "Shulman Kessler LLP" in the total amount of Ten Thousand Dollars ($10,000.00), representing payment for Plaintiff's claim for attorneys' fees and costs.

3. Provided that all of the conditions set forth in Paragraph 2 are satisfied, and provided that the Court approves this settlement and endorses the Stipulation of Dismissal, the settlement checks described above shall be delivered to or mailed to the attention of Marijana Matura, Esq., Shulman Kessler LLP, 534 Broadhollow Road, Suite 275, Melville, New York 11747.

4. Defendants may issue an IRS form W2 and 1099 to the Plaintiff and an IRS form 1099 to his counsel reflecting the amounts each one received in Paragraph 2, at the appropriate time. Plaintiff agrees to hold Releasees harmless, and indemnify Releasees fully, from any payments Releasees may be required to make to any taxing authority resulting from Plaintiff's failure to pay taxes related to said portions of the Settlement Amount.

5. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and Releasees, both individually and in their/its official capacities which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to the Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages. In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of the Plaintiff,

the Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that the Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should the Plaintiff file a charge with any agency, or cooperate with an investigation with any agency regarding any claim released in this Agreement, the Plaintiff acknowledges that this Agreement shall bar him from receiving monetary compensation in connection therewith.

6. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. The Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7. Plaintiff acknowledges that he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

8. Plaintiff agrees that he shall not make any statement, written, oral or electronic, which in any way disparages Defendants, or Defendants' business practices. Rita Degirmenci and Kevin Degirmenci agree that they shall not make any statement, written, oral or electronic which in any way disparages Plaintiff. However, this Paragraph shall not be

interpreted to prevent the Parties from making truthful statements concerning their experience litigating this Action.

9. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Releasees for any purpose.

10. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief. In that event, the non-breaching party will be entitled to an injunction. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

11. The Plaintiff explicitly acknowledges that this Agreement does not constitute an admission by Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Releasees that Plaintiff's claim has merit. In fact, Plaintiff acknowledges that Releasees explicitly refute and deny any claims of wrongdoing.

12. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by him.

14. Plaintiff is competent to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding that would impair his right to settle all claims, and to release all claims, both known and unknown, pursuant to this Agreement.

15. Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

16. Plaintiff affirms that he is not a Medicare or Medicaid beneficiary (defined as any claimant for whom Medicare or Medicaid has paid Conditional Payments for the treatment of injuries arising out of or related to the matters released herein) as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

17. Plaintiff further represents that he will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone

acting on behalf of such governmental entity, relating to any Plaintiff's alleged injuries, claims or lawsuit, said Plaintiff will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

18. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

19. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

20. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

21. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

22. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

23. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Ellen Storch, Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck,

LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, estorch@kdvlaw.com and asolomon@kdvlaw.com, and counsel for Plaintiff, Marijana Matura, Esq., Shulman Kessler LLP; 534 Broadhollow Road, Suite 275, Melville, NY 11747; (631) 499-9100; facsimile (631) 499-9120; mmatura@shulmankessler.com.

24.     Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same. Plaintiff further represents that he has been provided the opportunity to review this Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

SIGNED AND AGREED TO:

_____
JOSE REYES CABRERA

STATE OF NEW YORK      }
                       } S.S.
COUNTY OF SUFFOLK      }

On Dec. 21st, 2017, before me personally came JOSE REYES CABRERA, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

MARIJANA MATURA
NOTARY PUBLIC STATE OF NEW YORK
NO. 02MA6336992
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES FEB. 16, 2020

_____
NOTARY PUBLIC

SIGNED AND AGREED TO:

_____
RKP SERVICE, INC.
By:
Title

_____
RITA DEGIRMENCI

_____
KEVIN DEGIRMENCI
Phelps

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE REYES CABRERA, on behalf of himself
and all others similarly situated,

                      Case No.: 17 Civ. 5627 (SIL)

                Plaintiff,             **STIPULATION AND
                                                                                   ORDER OF DISMISSAL**

      -against-

RKP SERVICE, INC. d/b/a RAINBOW CAR WASH,
RITA DEGIRMENCI, and KEVIN D~~EGIRMENCI~~, DIHECPS KD

                                Defendants.
---------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs and that JOSE REYES CABRERA is precluded from bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or any federal, state, or local law relating to the payment of wages, including, but not limited to, overtime pay, for the period set forth in the Complaint.

       IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals; and

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*

_____
By: Ellen Storch, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100

SO-ORDERED

_____
The Hon. Steven I. Locke U.S.M.J.

Shulman Kessler LLP
*Attorneys for Plaintiff*

_____
By: Marijana Matura, Esq.
534 Broadhollow Road
Suite 275
Melville, NY 11747
(631) 499-9100

4849-1550-3192, v. 1